UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

FILED
98 JUN 17 PM 12:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| GEORGE E. HOCUTT | ) |
| Plaintiff, | ) |
| vs. | ) CV-97-L-2121-W |
| JIM WALTER RESOURCES, INC.; PROTECTIVE LIFE INSURANCE CO. ET AL. | ) |
| Defendants. | ) |

### MEMORANDUM OF DECISION

This cause came on to be heard by defendants Jim Walter Resources, Inc. and Protective Life Insurance Co.'s Motions for Summary Judgment filed May 22, 1998. Upon review of the parties' submissions, briefs and oral argument held June 10, 1998, the Court can find no genuine issue of material fact that would preclude summary judgment entered in favor of the defendants.

Plaintiff has not offered sufficient evidence to prove that defendants acted in an arbitrary or capricious manner in denying Mr. Hocutt's claim for Long Term Disability benefits. The court must determine not whether Mr. Hocutt was disabled on October 14, 1995, nor whether he is disabled today. The only relevant inquiry is whether the defendants' denial of his claim was reasonable and rational based on the information before the administrator at the time the claim was processed. From the record before the court, it appears the decision to deny benefits was both

17

reasonable and rational.

There is no evidence that Mr. Hocutt was disabled prior to the incident at his place of employment on October 14, 1995. There exists only a modicum of evidence that supports the October 18, 1995 diagnosis of disability by his treating physician, Dr. Atkins. Dr. Atkins saw the plaintiff four days after the October 14th incident, one day after he was terminated from Jim Walter Resources. Atkins determined that Hocutt was disabled as of October 14, 1995 based entirely on plaintiff's description of the events and how he felt on that day. It was not unreasonable for the administrator to call into question this diagnosis. The record contains no other medical evidence of a "total disability" other than Dr. Atkins' October 18, 1995 assessment.

It is hereby ORDERED that defendants' motion for summary judgment be GRANTED, that judgment be entered, as a matter of law in favor of the defendants and the case be dismissed in its entirety with prejudice.

DONE this 17th day of June 1998.

*[signature]*
SENIOR JUDGE